***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 25, remanded for resentencing, otherwise affirmed
June 28, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRIS ALLAN FIALA,
*Defendant-Appellant.*

Linn County Circuit Court
20CR65516; A176948

Brendan J. Kane, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of second-degree murder, ORS 163.115 (Count 1), and aggravated harassment, ORS 166.070 (Count 2). On appeal, he raises three assignments of error. He argues that the trial court erred by (1) denying his motion to suppress evidence; (2) entering a judgment that denies eligibility for sentence reduction programs on Count 1; and (3) entering a judgment that denies eligibility for sentence reduction programs on Count 2. We remand for resentencing; otherwise, we affirm.

*Motion to suppress.* A police officer following up on a 9-1-1 call entered onto private property, observed through a window defendant holding a knife in a threatening manner, entered the house, and obtained evidence that defendant had stabbed his mother to death. Before trial, defendant moved to suppress all evidence obtained as a result of the officer's warrantless entry.

The trial court denied the motion, relying on the emergency aid exception to the warrant requirement. Under the Oregon Constitution, that exception applies when a law enforcement officer has "an objectively reasonable belief, based on articulable facts, that a warrantless entry is necessary to either render immediate aid to persons, or to assist persons who have suffered, or who are imminently threatened with suffering, serious physical injury or harm." *State v. Baker*, 350 Or 641, 649, 260 P3d 476 (2011) (footnotes omitted). Under the federal constitution, the exception allows law enforcement officers to "enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City, Utah v. Stuart*, 547 US 398, 403, 126 S Ct 1943, 164 L Ed 2d 650 (2006). The Oregon standard requires a subjective belief that is objectively reasonable, *State v. Powell*, 288 Or App 660, 670, 406 P3d 1111 (2017), *rev den*, 362 Or 508 (2018), whereas the federal standard is purely objective, *Brigham City*, 547 US at 403.

We review the denial of a motion to suppress for legal error. *State v. Vasquez-Villagomez*, 346 Or 12, 23, 203 P3d 193 (2009). We are bound by the trial court's factual findings if there is evidence in the record to support them.

*Id*. Having reviewed the evidence, we agree with the trial court that the state proved the applicability of the emergency aid exception under both Oregon and federal law. We therefore reject defendant's first assignment of error.

*Sentencing*. After sentencing defendant in open court, the trial court entered a judgment denying him eligibility for sentence reduction programs on both counts of conviction. Defendant contends that the court made several errors in doing so.

The state concedes, and we agree, that the court erred with respect to Count 2. The court did not state in open court that defendant would be denied eligibility for sentence reduction programs on Count 2. *See State v. Priester*, 325 Or App 574, 581, 530 P3d 118 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Internal citations omitted.)). The court also did not "find[ ] on the record in open court substantial and compelling reasons to order that the defendant not be considered for" sentence reduction programs, as required by ORS 137.750(1). We therefore remand for resentencing. Because the trial court will be resentencing defendant, we agree with the state that the parties' arguments regarding eligibility for sentence reduction programs on Count 1 are better directed to the sentencing court on remand.

Remanded for resentencing; otherwise affirmed.